**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 08-cv-01381-MSK-CBS

THE CASCADE FUND, LLP,
on behalf of itself and a
class of similarly situated persons,

      Plaintiffs,

v.

ABSOLUTE CAPITAL MANAGEMENT HOLDINGS LIMITED;
ABSOLUTE GENERAL PARTNER LIMITED;
FLORIAN HOMM;
SEAN EWING;
JOHN A. FLEMING,
RONALD E. TOMPKINS; and
ULLRICH ANGERSBACH,

      Defendants.

---

### STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

---

      Pursuant to the Stipulated Motion of Plaintiff The Cascade Fund, LLLP and Defendants Absolute Capital Management Holdings Limited, Absolute General Partner Limited, John A. Fleming, and Ronald E. Tompkins (collectively, the "Parties"), the Court hereby Orders as follows:

### I.  INSTRUCTIONS

      The "Litigation" shall mean the above-captioned case, *The Cascade Fund, LLLP v. Absolute Capital Management Holdings Limited, et al.*, Case No. 08-cv-1381 (D. Colo.)

      "Documents" or "information" shall mean and include any document (whether in hard copy or electronic form), records, responses to discovery, tangible articles or things, whether documentary or oral, and other information provided, served, disclosed, filed, or produced,

whether voluntarily or through discovery or other means, in connection with this Litigation. A draft or non-identical copy is a separate document within the meaning of this term.

"Producing Party" shall mean any person or entity who provides, serves, discloses, files, or produces any nonpublic documents or information in connection with this Litigation.

"Receiving Party" shall mean any person or entity who receives nonpublic documents or information from a Producing Party in connection with this Litigation.

This Stipulated Confidentiality Protective Order (hereinafter "Order") shall apply to designated documents produced and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

The Parties agree that, in conjunction with the discovery proceedings in this Litigation, the Parties may designate certain documents or other information derived therefrom (hereinafter collectively referred to as "information") as "CONFIDENTIAL" under the terms of this Order.

Information designated as CONFIDENTIAL shall be information which has not been made public and which contains investor names and amounts of investment, or sensitive business or personal information. CONFIDENTIAL information shall not be published to third parties, disclosed, or used except as permitted by, and in accordance with, the provisions of this Order.

Every page of a multi-page CONFIDENTIAL document shall be so designated by marking or stamping copies of the document produced to a Party (in a manner that will not interfere with their legibility) with the legend "CONFIDENTIAL.

CONFIDENTIAL information shall be maintained in strict confidence by the Parties who receive such information, shall be used solely for the purposes of this Litigation, and

shall not, without the consent of the Producing Party or further Order of the Court, be disclosed except that such information may be disclosed to:

(a)     The United States District Court for the District of Colorado (the "Court") and persons assisting the Court or assisting in the Litigation process (including, but not limited to, Court personnel, court reporters, stenographic reporters, videographers and electronic filing personnel);

(b)     The attorneys of record in this Litigation and their co-shareholders, co-directors, partners, employees, and associates who are assisting in the Litigation (collectively hereafter referred to as "Outside Counsel")

(c)     A Party, or an officer, director, or employee of a Party deemed necessary by counsel to aid in the prosecution, defense, and settlement of this Litigation;

(d)     Subject to the terms of Paragraph 14 below, third party witnesses, including former employees of the Parties, as may reasonably be necessary in preparation for deposition or hearing testimony;

(e)     Subject to the terms of Paragraph 14 below, experts or consultants and their staff, and litigation support personnel and their staff, retained by the Parties and/or Outside Counsel in this Litigation;

(f)     Support vendors or contractors retained by Outside Counsel for functions directly related to this Litigation, such as copying, document management, and graphic design; and

(g)     Any other person, provided that the Receiving Party has given written notice to the Producing Party of an intent to disclose specified CONFIDENTIAL information to said person, who shall be identified by name, address, phone number and relationship, if any, to the Receiving Party, and the Producing Party has not provided a written objection to the disclosure

within ten calendar days of delivery of the notification.  Before any person may receive disclosure pursuant to this subparagraph, he or she must comply with the requirements of paragraph 14 below.

If a witness is providing or is provided CONFIDENTIAL information during a deposition, counsel for the Producing Party may request that all persons other than the witness and persons entitled by this Order to have access to the CONFIDENTIAL information leave the deposition room during that portion of the deposition. Failure of any person to comply with such a request will constitute sufficient justification for the witness to refuse to answer the question, or for the Producing Party to demand that CONFIDENTIAL information not be provided to the witness, pending resolution of the issue.

All designations of information as CONFIDENTIAL by the Producing Party must be made in good faith.

A party may object to the designation of particular information as CONFIDENTIAL by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.   If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.   If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.   In

connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

While protected by this Order, any information designated CONFIDENTIAL shall be held in strict confidence by each person to whom it is disclosed; shall be used solely for the purposes of this Litigation; and shall not be used for any other purpose, including, without limitation, any business or competitive purpose.

With respect to outside experts and third parties, including third party witnesses, to become an authorized expert or third party entitled to access to CONFIDENTIAL information, the expert or individual must be provided with a copy of this Order and must sign a Certification in the form set forth as Exhibit A hereto, acknowledging that he/she has carefully and completely read, understands, and agrees to be bound by this Order. The original Certification shall be retained by the Party on whose behalf the Certification is signed and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

Notwithstanding any other provision herein, nothing shall prevent a Party from revealing CONFIDENTIAL information to a person who created or previously received (as an addressee or by way of copy) such information.

The inadvertent production of any information without it being properly marked or otherwise designated shall not be deemed to waive any claim of confidentiality with respect to such information. If a Producing Party, through inadvertence, produces any CONFIDENTIAL information without marking or designating it as such in accordance with the provisions of this Order, the Producing Party may, promptly on discovery, furnish a substitute copy properly

marked along with written notice to all Parties (or written notice alone as to non-documentary information) that such information is deemed CONFIDENTIAL and should be treated as such in accordance with the provisions of this Order. The substitute copy shall be in the electronic format originally provided. Each receiving person must treat such information as CONFIDENTIAL in accordance with the notice from the date such notice is received. Disclosure of such CONFIDENTIAL information prior to the receipt of such notice, if known, shall be reported to the Producing Party and shall not be deemed a violation of this Order.

A copy of this Order shall be shown to each attorney acting as counsel for a Party and to each person to whom CONFIDENTIAL information will be disclosed.

Nothing in this Order shall be construed as an admission or agreement that any specific information is or is not confidential, subject to discovery, relevant, or admissible in evidence in any future proceeding.

If CONFIDENTIAL information is contained in any brief or other paper to be filed in Court by a Party, the CONFIDENTIAL information will be redacted from such brief or other paper and shall be appropriately marked and separately filed in a sealed envelope. The envelope shall set forth on its face the case caption, the title of the paper, a notation that the paper is filed under seal, and the title and date of the Court Order authorizing the paper to be filed under seal. Upon or before tendering such CONFIDENTIAL information to the Court for filing, the Party shall file a motion with the Court to obtain leave to file it under seal. If such leave is not obtained, then the Party desiring to file the CONFIDENTIAL information shall confer in good faith with the Party or third party who originally produced the CONFIDENTIAL information to determine how such information otherwise may be provided to the Court. If the Court ultimately refuses to allow such information to be filed under seal, then it may be filed not

under seal but in such form and manner as may honor, to the extent reasonably possible, the desire of the original Producing Party to keep the information confidential. In such case, any applicable filing deadline will be deemed met by the filing of the motion for leave to file under seal referred to above.

This Order shall not be construed to prevent any Party from making use of or disclosing information that was lawfully obtained by a Party independent of discovery in this Litigation, whether or not such material is also obtained through discovery in this Litigation, or from using or disclosing its own CONFIDENTIAL information as it deems appropriate.

If either Party becomes required by law, regulation, or order of a court or governmental entity to disclose any CONFIDENTIAL information has been produced to it under the terms of this Order, such Party will reasonably notify the other Parties, in writing, so that the original Producing Party has an opportunity to prevent or restrict such disclosure. The Party required to disclose any CONFIDENTIAL information shall use commercially reasonable efforts to maintain the confidentiality of such CONFIDENTIAL information and shall cooperate with the Party that originally produced the information in its efforts to obtain a protective order or other protection limiting disclosure; however, the Party required to disclose the information shall not be required to seek a protective order or other protection against disclosure in lieu of, or in the absence of, efforts by the Producing Party to do so.

Upon termination of this Litigation, either by settlement or other action, unless other arrangements are agreed upon by the Parties, any Party and its counsel that obtained CONFIDENTIAL information through discovery shall either destroy the CONFIDENTIAL information or return all such CONFIDENTIAL information to the Producing Party. Outside Counsel may retain one copy of pleadings; motions; deposition transcripts; exhibits submitted

with such documents; and trial, hearing or other exhibits filed or otherwise submitted to the Court that contain CONFIDENTIAL information solely for archival purposes and the restrictions of this Order shall apply to Outside Counsel for as long as they hold such archival documents. If a Party chooses to destroy information under this Order rather than return such information to the Producing Party, the Party destroying the information shall inform the Producing Party's attorney(s) of record in writing that such CONFIDENTIAL information has been destroyed and shall provide the Producing Party with an affidavit confirming the destruction.

The obligation to treat all information designated as CONFIDENTIAL in accordance with the terms of this Order and not to disclose such CONFIDENTIAL information shall survive any settlement or other termination of this Litigation.

The inadvertent production of any information during discovery in this action shall be without prejudice to any claim that such information is subject to the attorney-client privilege or is protected from discovery as attorney work product. No Party shall be held to have waived any rights by such inadvertent production. Upon notification of inadvertent production, the Receiving Party shall not use or divulge the contents of such information unless subsequently agreed to by the Producing Party or permitted by the Court, provided however that the Producing Party claiming the inadvertent production has first provided the Receiving Party with a privilege log identifying the basis for the claimed privilege as well as the authors and recipients of the documents. Any such inadvertently produced information shall be returned by the Receiving Party within three business days of the written request for its return and the identification of the information on a privilege log.  The Receiving Party retains the right to challenge the information as having been inadvertently produced or, if inadvertently produced, as protected

from discovery on grounds of privilege or work product.

The Parties may seek modification of this Order by the Court at any time, by stipulation or for good cause.

DATED at Denver, Colorado, this 9th day of February, 2009.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

APPROVED AS TO FORM:

*s/ Daniel F. Wake*
Daniel F. Wake
SANDER INGEBRETSEN &WAKE, PC

*s/ Amy L. Benson*
John V. McDermott
Amy L. Benson
BROWNSTEIN HYATT FARBER SCHRECK, LLP