IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 2008-cv-01381-MSK-CBS

THE CASCADE FUND, LLLP,
on behalf of itself and a
class of similarly situated persons,

      Plaintiffs,

v.

ABSOLUTE CAPITAL MANAGEMENT HOLDINGS LIMITED;
ABSOLUTE GENERAL PARTNER LIMITED;
FLORIAN HOMM;
SEAN EWING;
JOHN A. FLEMING;
RONALD E. TOMPKINS;
ULLRICH ANGERSBACH; and
ARGO GROUP LIMITED,

      Defendants.

**DEFENDANT ARGO GROUP LIMITED'S OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT
JURISDICTIONAL DISCOVERY OF DEFENDANT ARGO GROUP LIMITED**

Defendant Argo Group Limited ("Argo"), through its undersigned counsel, hereby submits this opposition to Plaintiff The Cascade Fund, LLLP's ("Cascade") Motion for Leave to Conduct Jurisdictional Discovery (Dkt. No. 72) ("Motion for Discovery"). In opposition to the Motion for Discovery, Argo states as follows:

**INTRODUCTION**

This court lacks personal jurisdiction over Argo. The First Amended Complaint and Jury Demand (Dkt. No. 41) ("Amended Complaint") includes conclusory allegations that the

defendants, Argo included, are subject to the jurisdiction of this Court based on the nationwide service of process provision of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa. *See* Amended Complaint, ¶¶ 12-13. Although when personal jurisdiction is invoked pursuant to this provision the relevant inquiry is whether the defendant had sufficient minimum contacts with the United States, *see SEC v. Knowles*, 87 F.3d 413, 417 (10th Cir. 1996), the Amended Complaint contains no allegations that Argo had any contacts with the United States. Argo raised this deficiency in its Motion to Dismiss the First Amended Complaint and Jury Demand (Dkt. No. 68)("Motion to Dismiss"), pointing out that Argo is a publicly traded company on AIM, a market operated by the London Stock Exchange, is incorporated under the laws of the Isle of Man, has never done business with Cascade, has no United States assets or presence, and lacks sufficient minimum contacts with the United States to subject it to the personal jurisdiction of this Court. In an acknowledgment that Argo lacks sufficient minimum contacts with the United States to subject it to personal jurisdiction pursuant to the nationwide service of process provision, Cascade appears to have shifted to a new theory of personal jurisdiction.

In the Motion for Discovery, Cascade claims, for the first time, that Argo is subject to the personal jurisdiction of this Court based on the alleged jurisdictional contacts of Absolute Capital Management Holdings Limited, k/n/a ACMH Limited ("ACM"), which Cascade claims are sufficient to subject ACM to personal jurisdiction in Colorado. Cascade argues that because it purports to assert a claim against Argo for successor liability based on ACM's alleged securities fraud, ACM's alleged jurisdictional contacts, if any, may be imputed to Argo. Cascade makes these claims despite the fact that it failed to allege this basis for jurisdiction over Argo in the Amended Complaint and despite the fact that Cascade has not yet demonstrated that ACM is

subject to personal jurisdiction in Colorado, a point that ACM has raised in its own motion to dismiss for lack of personal jurisdiction (Dkt. No. 46).  Moreover, as Argo has demonstrated in its Motion to Dismiss, Cascade has failed to properly allege a successor liability claims claim against Argo.

Cascade has not responded to Argo's Motion to Dismiss.  Instead, Cascade seeks an order directing Argo to submit to sweeping discovery, not directed at Argo's jurisdictional contacts, but directed at the merits of Cascade's successor liability claim against Argo.  Cascade's Motion for Discovery is nothing more than an attempt to circumvent the Federal Rules of Civil Procedure and improperly obtain discovery on the merits of its claim, discovery that may not even be available under the procedural rules of a foreign jurisdiction.

Cascade's request to conduct discovery during the pleading stage of this lawsuit on the merits of its claim against Argo should be denied for the following reasons, as set forth more fully below:  (1) Cascade's allegations do not establish a *prima facie* case that the Court has personal jurisdiction over Argo; (2) the rule allowing courts to impute the jurisdiction contacts of one entity onto another entity are inapplicable under the circumstances presented in this case; and (3) to the extent Cascade has alleged facts sufficient to establish a prima facie case of personal jurisdiction over Argo, no additional discovery is needed at this early stage of the proceedings.  In addition, to the extent this Court finds that Cascade is entitled to some jurisdictional discovery of Argo, Cascade's proposed discovery requests must be narrowed because Cascade's proposed discovery is overly broad.  Finally, because Cascade has not yet established that ACM is subject to personal jurisdiction in Colorado, a necessary prerequisite for

personal jurisdiction over Argo, the Motion for Discovery should be denied pending a ruling on ACM's motion to dismiss.

## ARGUMENT

I.   CASCADE IS NOT ENTITLED TO JURISDICTIONAL DISCOVERY.

   A.   CASCADE HAS NOT ESTABLISHED A *PRIMA FACIE* CASE THAT THE COURT HAS PERSONAL JURISDICTION OVER ARGO.

Before a party may be granted leave to conduct jurisdictional discovery, the court must first determine that the party has alleged facts sufficient to establish a *prima facie* case for personal jurisdiction.  *See e.g., Central States Pension Fund v. Phencorp Reinsurance Co., Inc.*, 440 F.3d 870, 877 (7th Cir. 2006) (holding that the court "must determine if [the plaintiff] made out a *prima facie* case for personal jurisdiction . . . before it is allowed to conduct discovery"); *see also First Horizon Merchant Serv., Inc. v. Wellspring Cap. Mgmt., LLC*, 166 P.3d 166, 179 (Colo.App. 2007) (same).  In determining whether the plaintiff has carried its burden of establishing a *prima facie* case for personal jurisdiction, "the non-conclusory averments of the complaint must be taken as true to the extent they are not contradicted by the defendant's affidavits, and all factual disputes must be resolved in favor of the plaintiff."  *St. Paul Travelers Casualty & Surety Co. of Am. v. Guaranty Bank & Trust Co.*, 2006 U.S. Dist. LEXIS 49009, Civil Case No. 05-cv-00968-REB-BNB, at *3 (D.Colo. July 10, 2006).

In *First Horizon,* the defendants filed a motion to dismiss for lack of personal jurisdiction, which the plaintiff opposed, contending that the defendants are subject to personal jurisdiction in Colorado under theories of agency, alter ego, or conspiracy.  166 P.3d at 177. After concluding that the plaintiff "offered only speculative and conclusory assertions about defendants' contacts with Colorado . . . and failed to provide any facts to show how jurisdiction

might be established if the court permitted discovery," the court held that the trial court properly denied the plaintiff's motion for jurisdictional discovery. *Id.* at 179.

Similarly, in *St. Paul*, the plaintiff sought leave to conduct jurisdictional discovery to oppose the defendant's motion to dismiss for lack of personal jurisdiction. 2008 U.S. Dist. LEXIS 46583. The court granted the motion to dismiss and rejected the plaintiff's request to conduct jurisdictional discovery holding that that the plaintiff "failed to present a sufficient factual predicate for the establishment of personal jurisdiction." *Id*. at *12. According to the court, "the allegations in the complaint did not demonstrate contacts that might be sufficient to establish personal jurisdiction," and even if the plaintiff were granted leave to conduct jurisdictional discovery, the current record indicates that it is unlikely that the plaintiff would discover evidence sufficient to establish jurisdiction. *Id*. at *11-12.

Courts from other jurisdictions also require a *prima facie* case that the defendant is subject to the court's personal jurisdiction before granting leave to conduct jurisdictional discovery. For example, in *Jin v. Matuszak*, 2008 U.S. Dist. LEXIS 25331, Case No. 05-cv-4201 (NGG) SMG), at *8 (E.D.N.Y. March 28, 2008), the court held that because the plaintiff had not made a *prima facie* showing of jurisdiction, it would be inappropriate to allow him jurisdictional discovery. The court explained:

> Before discovery, a plaintiff must plead in good faith 'legally sufficient allegations of jurisdiction' in order to defeat a defendant's motion to dismiss for lack of personal jurisdiction. These allegations, however, must constitute more than mere legal conclusions restated as statements of fact. The plaintiff must actually 'allege facts constituting a *prima facie* showing of personal jurisdiction.' Conclusory allegations showing the presence of jurisdiction . . . are insufficient to establish that the court has personal jurisdiction over the defendant.

*Id*. at *4-5.

In *GCIU-Employer Retirement Fund v. Goldfarb Corp.*, 2008 U.S. Dist. LEXIS, Case No. 07-1174 at *8 (C.D. Ill. Aug. 6, 2008), the court applied a similar rule, holding that "[t]he plaintiff bears the burden of demonstrating personal jurisdiction exists, and must satisfy this burden prior to discovery being permitted on the issue." *GCIU-Employer Retirement Fund v. Goldfarb Corp.*, 2008 U.S. Dist. LEXIS, Case No. 07-1174 at *8 (C.D. Ill. Aug. 6, 2008). Moreover, "even if the plaintiff satisfies its burden, [courts have] discretion in deciding whether to allow the plaintiff to engage in discovery regarding jurisdiction." *Id.* at *8-9.

Cascade's Motion for Discovery should be denied because Cascade has not established a *prima facie* case that Argo is subject to the personal jurisdiction of this Court. Cascade is attempting to skip this requirement altogether. In the Motion for Discovery, Cascade makes no attempt to demonstrate that it has established a *prima facie* case of jurisdiction. Rather, Cascade claims that it is entitled to jurisdictional discovery simply because "[t]his Court has often allowed jurisdictional discovery when a defendant moves to dismiss for lack of jurisdiction." Motion for Discovery, p.5. Cascade is incorrect.

Cascade is not entitled to conduct jurisdiction discovery of Argo because it has not alleged facts sufficient to establish a *prima facie* case of jurisdiction with respect to Argo. The Amended Complaint includes only conclusory allegations that Argo is subject to the jurisdiction of this Court based on the nationwide service of process provision of the Securities Exchange Act of 1934. *See* Amended Complaint, ¶¶ 12-13. Such conclusory allegations, however, are insufficient to establish a *prima facie* case of jurisdiction. *See First Horizon, LLC*, 166 P.3d at 179 (holding that speculative and conclusory assertions are insufficient); *Jin*, 2008 U.S. Dist. LEXIS 25331, at *4-5 ("Conclusory allegations showing the presence of jurisdiction . . . are

insufficient to establish that the court has personal jurisdiction over the defendant."). Moreover, as detailed in Part I.E. of Argo's Motion to Dismiss, which Argo hereby incorporates, Cascade has not alleged, and cannot allege, that Argo has sufficient minimum contacts with the United States to subject it to the personal jurisdiction of this Court.

Cascade's Motion for Discovery should be denied because Cascade has also failed to establish a *prima facie* case that Argo is subject to the personal jurisdiction of this Court as ACM's alleged successor. Cascade claims that this Court has personal jurisdiction over Argo by virtue of ACM's jurisdictional contacts, if any, because Argo is ACM's successor. As explained in Part II.D. of Argo's Motion to Dismiss, which Argo hereby incorporates, Cascade has not alleged and cannot establish facts sufficient to demonstrate that Argo is ACM's successor. Accordingly, because Cascade had failed to establish a *prima facie* case of personal jurisdiction over Argo, either directly or pursuant to a successor liability theory, Cascade is not entitled to conduct jurisdictional discovery of Argo.

### B. CASCADE'S MOTON FOR DISCOVERY SHOULD BE DENIED BECAUSE THE RULE ALLOWING COURTS TO IMPUTE THE JURISDICTIONAL CONTACTS OF ONE ENTITY TO ANOTHER IS INAPPLICABLE UNDER THE CIRCUMSTANCES PRESENTED IN THIS CASE.

Under certain limited circumstances, the jurisdictional contacts of a predecessor entity may be imputed to a successor entity. *See Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640 (5th Cir. 2002). "The rationale for this rule is that, because the two corporations 'are the *same entity*, the jurisdictional contacts of one *are* the jurisdictional contacts of the other for the purposes of the *International Shoe* due process analysis." *Global Polymer Indus., Inc. v. C&A Plus, Inc.*, 2006 U.S. Dist. LEXIS, Case No. 05-4081, at \*6-7 (D.S.D. Jan. 13, 2006) (emphasis

in original); *see also Green v. Montgomery Ward & Co., Inc.*, 775 S.W.2d 162, 166 (Mo. Ct. App. 1989) (the rationale for the rule is to prevent a corporation from "immuniz[ing] itself from liability by utilizing such a device as a name change").  This rule, therefore, only applies where "the successor corporation is, in fact, the *same corporate entity* as the predecessor corporation, simply wearing a 'new hat,'" *Patin*, 294 F.3d at 654 (emphasis in original), or the same corporation simply operating under a new name, *Minn. Mining & Manuf. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1262 (Fed. Cir. 1985); *Green*, 775 S.W.2d at 166.  *See also Simmers v. Am. Cyanamid Corp.*, 576 A.2d 376, (Pa. Super. Ct. 1990) (holding that the rule applies where the alleged successor corporation has become "the corporate embodiment" of the predecessor).

In *Patin*, the court found the successor corporation to be the *same corporate entity* as the predecessor corporation based on the fact that the predecessor ceased building the boat at issue and its two owners simply began building the same boats through a new entity, the defendant, which shared the same address, telephone number, officers, owners, employees, and assets as the predecessor entity.  294 F.3d at 645 and 650.

Because Cascade has not alleged, and cannot allege, that these same facts are present here, the same rationale does not apply, and ACM's alleged jurisdictional contacts cannot be imputed to Argo and the Motion for Discovery should be denied.  Specifically, Cascade has not and cannot allege that Argo is the same corporate entity as ACM and is merely carrying on ACM's business under a new name.  As Cascade implicitly acknowledged in the Amended Complaint, ACM and Argo are separate businesses that continue to co-exist today.  *See generally* Amended Complaint.  In January 2007, ACM acquired Argo Capital Management, which had been in business since 2000.  *See* Amended Complaint, ¶ 59.  In February 2008, ACM created

Argo and in April 2008 Argo acquired certain assets from ACM, for which Argo provided consideration. *See id.* at ¶ 61. Argo does not own or manage, and has never owned or managed the hedge funds at issue in this lawsuit, it is simply a holding company for four operating subsidiary investment management companies, which manage five funds: Argo Fund Limited, Argo Global Special Situations Fund SP, Argo Capital Partners Fund Limited, Argo Real Estate Opportunities Fund Limited, and Argo Distressed Credit Fund. *See* Declaration of Argo Group Limited, attached to Argo's Motion to Dismiss as Exhibit 1, ¶¶ 4, 9. ACM, on the other hand, was the investment manager for various funds, including two funds identified in the Amended Complaint: Absolute East West Fund Limited and Absolute Return Europe Fund Limited. *See* Declaration of Absolute Capital Management Holdings Limited, attached to ACM Defendants' Motion to Dismiss the Amended Complaint as Exhibit 3, ¶ 4. Moreover, Argo is an Isle of Man entity, while ACM is a Cayman Islands entity. *See* Amended Complaint, ¶¶ 2, 9. Finally, as Cascade acknowledges, ACM transferred only a portion of its assets to Argo, which consisted of the Argo business and for which ACM received full and valuable consideration. *See id*. at ¶¶ 61, 63. This transaction was structured as a demerger, a common form of transaction for corporations domiciled outside of the United States.

The other cases cited by Cascade also support the conclusion that the rule allowing jurisdictional contacts of one entity to be imputed to another entity is inapplicable under the circumstances presented in this case. Cascade's Motion for Discovery, therefore, should be denied. As the cases cited by Cascade establish, in order for this rule to apply, certain factors, which indicate that the two entities are really the same corporation, must be present. These factors include the mere continuation of the predecessor business under a new name, *see Patin*,

294 F.3d at 654; *Minn. Mining & Manuf.*, 757 F.2d at 1262; *Green*, 775 S.W.2d at 166; *Huth v. Hillsboro Ins. Mgmt., Inc.*, 72 F.Supp.2d 506 (E.D. Pa. 1999), the dissolution of the predecessor entity following the merger of two entities, *see Duris v. Eranto Shipping, Inc.*, 684 F.2d 352, 353 (6th Cir. 1982), or the transfer of all of the assets of the predecessor entity to the alleged successor entity, *U.S. v. Bliss*, 108 F.R.D. 127, 132 (E.D. Mo. 1985); *Simmers*, 576 A.2d at 482. Because none of these factors are present here, the rule allowing jurisdictional contacts of one entity to be imputed to another entity is inapplicable and the Motion for Discovery should be denied.

In *Duris*, the predecessor entity was merged into the defendant and ceased to exits. 684 F.2d at 353. This is not the case here. ACM did not merge into Argo, as Cascade acknowledged in its complaint, both entities continue to exist today. *See generally*, Amended Complaint. In addition, in *Duris*, the forum state had a statute providing that when a merger of consolidation becomes effective, the surviving corporation is liable for all obligations of each constituent corporation. *Id.* at 356. Cascade cannot claim any such statute applies here, let alone that there was a merger of consolidation. *See* Amended Complaint, ¶ 64.

In *Bliss*, 108 F.R.D. 127, which Cascade also cites, the court held that the plaintiff made a prima facie showing of jurisdiction over the defendant pursuant to a theory of successor liability. According to the court, the plaintiff satisfied its burden by alleging, among other things, that all of the former assets of the alleged predecessor entity now rest with the defendant. *Id.* at 132. Cascade cannot make that same claim in this case. Aware of this fact, Cascade carefully avoids alleging that the assets of ACM now rest with Argo. Instead, Cascade merely claims that the "majority of ACM's *revenue-generating assets* were transferred to Argo," which Cascade

acknowledges did not become part of ACM until the January 2007 merger, well after Cascade alleges to have purchased the securities at issue here. *See* Amended Complaint, ¶¶ 59, 63 (emphasis added).

In *Simmers*, 576 A.2d at 482, the court imputed the predecessor's jurisdictional contacts to assert jurisdiction over the defendant because, even though the defendant corporation did not arise as the result of a statutory merger or consolidation, the defendant became the "corporate embodiment" of the predecessor entity. The defendant did so by acquiring all of the assets from the predecessor entity, which was then dissolved, and continuing to do business with all of the predecessor's corporate officers in place. *Id*. at 482-83. Argo is not the corporate embodiment of ACM. Argo did not acquire all of ACM's assets. *See* Amended Complaint, ¶ 63. Moreover, ACM was not dissolved; it continues to exist and do business today separately from Argo. *See generally* Declaration of Absolute Capital Management Holdings Limited, attached as Exhibit 3 to AMC Defendants' Motion to Dismiss Amended Complaint. Therefore, because Argo is not the corporate embodiment of ACM, ACM's jurisdictional contacts, if any, cannot be imputed to Argo.

In *Green*, the court denied the defendant's motion to dismiss for lack of personal jurisdiction, holding that the defendant was subject to the court's jurisdiction based on the contacts of the defendant's alleged predecessor. 775 S.W.2d at 165-66. The court based this holding on its conclusion that the defendant was a "mere continuation" of the predecessor entity, a manufacturer and designer of a saw alleged to have been defective, resulting in plaintiff's injuries. *Id.* The defendant admitted to owning the saw's trademark, receiving substantially all of the alleged predecessor's assets before it was dissolved, and assembling limited quantities of

the saw in question from parts acquired from the predecessor. *Id*. As a "mere continuation" of the predecessor, the defendant is subject to the court's jurisdiction based on the predecessor's contacts. *Id.* at 166. The rationale for this rule, the court explained, is to prevent corporations from immunizing themselves from liability "by utilizing such a device as a change of name." *Id.*

The same rationale does not apply where, as here, there is no continuation of the predecessor's business under a new name. Argo does not sponsor or manage the funds at issue here and in fact has had nothing to do with the funds at any point in time. *See* Declaration of Argo Group Limited, attached to Argo's Motion to Dismiss as Exhibit 1, ¶ 4. Also, unlike the entities in *Green*, Argo did not receive all of the assets of its alleged predecessor and Argo's alleged predecessor was not dissolved – ACM continues to exist today. *See* Amended Complaint, ¶63. In any event, as Cascade acknowledges in the Amended Complaint, ACM received consideration for the assets that were transferred to Argo. *See* Amended Complaint, ¶ 61. Moreover, to this day, both Argo and ACM continue to do business separately. *See generally* Amended Complaint. Accordingly, because Argo is not the mere continuation of ACM under a different name, ACM's jurisdictional contacts, if any, cannot form the basis for the Court's personal jurisdiction over Argo and the Motion for Discovery should be denied.

Cascade also cites *Huth*, 72 F.Supp.2d 506, in which the defendant, named as the alleged successor to another defendant, filed a motion to dismiss for lack of personal jurisdiction. The plaintiff opposed the motion, alleging that the defendant is liable on a theory of successor liability and that the acts of the defendant's predecessor may be attributed to the defendant for purposes of determining whether jurisdiction is proper. *Id.* at 510. In support of its claim that the defendant was a successor entity, the plaintiff alleged that the defendant continued the same

line of business as the predecessor, took over the predecessor's accounts, employees, and clients, operates under the predecessor's name, and has assumed the predecessor's telephone number and mailing address. *Id.* at 511. Based on these allegations, the court refused to grant the defendant's motion to dismiss, holding that the plaintiff satisfied its burden of establishing a prima facie showing of jurisdiction. *Id.* Cascade has not, and cannot, make these same allegations. Argo has not simply continued ACM's business. Argo and ACM have both continued the same business they undertook when they were part of the same corporate entity. *See* Amended Complaint, ¶¶ 59, 61. Cascade has not alleged, nor can it allege, that Argo and ACM have the same address, phone number, accounts, employees, and clients, or that Argo and ACM operate under the same names. *See generally* Amended Complaint.

Finally, Cascade cites *Minn. Mining & Manuf.*, in which the court held that it had jurisdiction over the successor because it had jurisdiction over the predecessor. 757 F.2d at 1263. If this was not the case, the court held, the owners of property could escape liability by transferring assets to a shell corporation in a separate jurisdiction. *Id.* The facts upon which the court based its decision, however, are much different than the facts at issue here. In *Minn. Mining & Manuf.*, the successor entity was established after the lawsuit was initiated against the alleged predecessor, all of the assets were then transferred to the defendant, and customers were informed that the defendant succeeded the predecessor. In this case, however, Cascade has not and cannot allege that Argo was created after the initiation of this suit, that all of ACM's assets were transferred to Argo, that ACM was dissolved, or that ACM represented that Argo was its successor. *See generally* Amended Complaint. These facts are simply not present, Cascade has not alleged these facts, and no amount of discovery will establish such facts. Cascade, therefore,

cannot argue that Argo is a new corporate name for the same corporate body simply trying to escape liability. Accordingly, Cascade is not entitled to discovery to prove its successor liability claim in support of its argument that ACM's jurisdictional contacts should be imputed to Argo.

Therefore, the cases cited by Cascade actually support the conclusion that the rule allowing one entity's jurisdiction contacts to be imputed to another entity is inapplicable under the circumstanced presented in this case. ACM's alleged jurisdictional contacts, therefore, cannot be imputed to Argo.

    **C.    TO THE EXTENT CASCADE HAS ALLEGED FACTS SUFFICIENT TO ESTABLISH A *PRIMA FACIE* CASE OF PERSONAL JURISDICTION OVER ARGO, NO ADDITIONAL DISCOVERY IS NEEDED AT THIS STAGE.**

Where, as here, the issue of whether a court has personal jurisdiction over a foreign defendant is raised before trial and decided on the basis of affidavits and other written materials, the plaintiff can satisfy its burden of establishing jurisdiction with a *prima facie* showing and all reasonable inferences must be drawn in the plaintiff's favor. *See Uniscope, Inc. v. Tembec BTLSR, Inc.*, 2008 U.S. Dist. LEXIS 89740, Civil Action No. 07-cv-02143-WDM-KMT, at *8 (D.Colo. Nov. 5, 2008). This is essentially a motion to dismiss standard. *See St. Paul Travelers Casualty & Surety Co. of Am. v. Guaranty Bank & Trust Co.*, 2006 U.S. Dist. LEXIS 49009, Civil Case No. 05-cv-00968-REB-BNB, at *3-4 (D.Colo. July 10, 2006) (In determining whether the plaintiff has carried its burden, "the non-conclusory averments of the complaint must be taken as true to the extent they are not contradicted by the defendant's affidavits, and all factual disputes must be resolved in favor of the plaintiff."); *see also Int'l Private Satellite Partners, L.P. v. Lucky Cat Ltd.*, 975 F.Supp. 483, 485 (W.D.N.Y. 1997) ("A plaintiff facing a *Fed. R. Civ. P. 12(b)(2)* motion to dismiss made before any discovery need only allege facts constituting a

*prima facie* showing of personal jurisdiction."). Accordingly, under the circumstances presented in this case, in order to establish personal jurisdiction over Argo, Cascade must assert a *prima facie* case of personal jurisdiction over ACM and a *prima facie* case of successor liability against Argo. As set forth in the motions to dismiss filed by Argo and ACM, Cascade has failed to asset either a *prima facie* case of personal jurisdiction over ACM or a *prima facie* case of successor liability against Argo.

If, however, this Court finds that Cascade has alleged facts sufficient to establish a *prima facie* case of personal jurisdiction over ACM and a *prima facie* case of successor liability against Argo, which it has not, Cascade has no need for discovery at this early stage of the lawsuit regarding Cascade's successor liability claim. As a result, this Court will have determined that Cascade has alleged facts sufficient to state a claim for successor liability, thereby eliminating the need for Cascade's proposed jurisdictional discovery. While a greater degree of certainty on the issue of personal jurisdiction and successor liability will be required if this case moves forward, at this early stage, only a *prima facie* showing is required. Accordingly, to the extent Cascade has made the required *prima facie* showings, no discovery is needed of Argo in order to address the issues raised in Argo's Motion to Dismiss. The discovery sought by Cascade is unnecessary and premature at this state of the proceedings and, therefore, Cascade's Motion for Discovery should be denied.

## II. CASCADE'S PROPOSED DISCOVERY IS OVERLY BROAD AND UNDULY BURDENSOME.

In the event this Court decides Cascade is entitled to jurisdictional discovery of Argo, which it is not, the discovery proposed by Cascade is overly broad. Courts have recognized that "subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is

pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted." *Nasious v. Littleton Police Dept.*, 2008 U.S. Dist. LEXIS 46583, Civil Action No. 07-cv-01001-ZLW-KMT, at *2 (D.Colo. June 16, 2008).  This is particularly true where, as here, the jurisdictional discovery propounded is expansive and directed at the merits of the underlying claim.  Cascade's jurisdictional discovery is not directed at Argo's jurisdictional contacts with the forum.  Rather, Cascade seeks leave to propound extremely broad discovery requests directed at the merits of its successor liability claim against Argo.  Cascade seeks, among other things, all communications between Argo and ACM, all documents referring or relating to the "Argo Group Transfer," Argo's financial statements, and all documents reflecting Argo's incorporation.  Although Cascade characterizes its requests as "limited" and that "full discovery on the merits of successor liability would be far more substantial," *see* Motion for Discovery, p.9, it is hard to imagine what more Cascade could possibly request in full discovery.  Such sweeping and burdensome discovery is not justified and must be narrowed, particularly as this early stage of the proceedings.  Towards this end, Argo is willing to respond to jurisdictional discovery requests regarding Argo's contacts, if any, with the United States, much the same as the jurisdictional discovery requests to which ACM agreed to respond.

**III.    CASCADE IS NOT ENTITLED TO DISCOVERY PENDING DETERMINATION THAT THIS COURT HAS PERSONAL JURISDICTION OVER ACM, ARGO'S ALLEGED PREDECESSOR.**

As Cascade acknowledges in its Motion for Discovery, Argo is not subject to this Court's jurisdiction under Cascade's successor liability theory unless Argo's alleged predecessor, ACM, is subject to personal jurisdiction in Colorado.  *See* Motion for Discovery, p. 8 n. 3.  ACM has filed a motion to dismiss claiming that it is not subject to personal jurisdiction in Colorado.

(Dkt. No. 46). The Court has not yet ruled on this motion. Given this situation, permitting Cascade leave to conduct expansive discovery of Argo directed at the merits of Cascade's claim against Argo would impose a tremendous burden and expense upon Argo, which is not justified. Such expansive discovery may not even be available to Cascade under the procedural rules of the foreign jurisdiction for Cascade's claims against Argo. Recognizing this, Cascade appears to be using this dispute over personal jurisdiction to obtain that to which it is not entitled at this early stage, and that to which it may never be entitled to – expansive discovery on the merits of its successor liability claim against Argo. Regardless of what ACM is able to discover from Argo, Argo is not subject to the personal jurisdiction of this Court unless its alleged predecessor, ACM, is subject to personal jurisdiction in Colorado. It would be unjust and inefficient, therefore, for this Court to impose upon Argo the burden and expense of responding to Cascade's proposed discovery while ACM's motion to dismiss for lack of jurisdiction remains pending. Accordingly, the Court should deny Cascade's Motion for Discovery while ACM's motion to dismiss for lack of personal jurisdiction is pending.

## CONCLUSION

For the reasons set forth herein, this Court should deny Cascade's Motion for Leave to Conduct Jurisdictional Discovery of Defendant Argo Group Limited.

Dated this 11th day of November, 2009.

        Respectfully submitted,

        HUSCH BLACKWELL SANDERS LLP

By:   /s/ Matthew J. Smith
       Matthew J. Smith
       Sudee Mirsafian Wright
       Jeffrey D. Whitney
       1700 Lincoln, Suite 4700
       Denver, Colorado 80203
       Telephone:  (303) 749-7200
       Facsimile:  (303) 749-7272
       Matt.Smith@huschblackwell.com
       Sudee.Wright@huschblackwell.com
       Jeff.Whitney@huschblackwell.com
       *Attorneys for Defendant Argo Group Limited*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 11th day of November, 2009, a true and correct copy of the foregoing **DEFENDANT ARGO GROUP LIMITED'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY OF DEFENDANT ARGO GROUP LIMITED** was served electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Daniel F. Wake
SANDER INGEBRETSEN & WAKE, P.C.
1660 17th Street, Suite 450
Denver, Colorado 80202
Telephone: 303-285-5544
Facsimile: 303-285-5301
dwake@siwlegal.com

George W. Croner
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, Pennsylvania 19107
Telephone: 215-238-1700
Facsimile: 215-238-1968
gcroner@kohnswift.com

John V. McDermott
Amy L. Benson
Meghan Frei Berglind
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, suite 2200
Denver, Colorado 80202
Telephone:  303-223-1100
Facsimile:  303-223-1111
abenson@bhfs.com
jmcdermott@bhfs.com
mberglind@bhfs.com

                                                                */s/ Carla Kirkpatrick*