# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 2008-cv-01381-MSK-CBS

THE CASCADE FUND, LLLP,
on behalf of itself and a
class of similarly situated persons,

      Plaintiff,

v.

ACMH LIMITED (F/K/A ABSOLUTE CAPITAL MANAGEMENT HOLDINGS LIMITED);
FLORIAN HOMM;
SEAN EWING;
ULLRICH ANGERSBACH; and
ARGO GROUP LIMITED

      Defendants.

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Plaintiff, The Cascade Fund LLLP, pursuant to Fed.R.Civ.P. 15(a), respectfully requests leave to file the Second Amended Complaint attached hereto. In support of this motion, Cascade states as follows:

### CERTIFICATION

Undersigned counsel has conferred with counsel for ACM and for Argo regarding this motion. Defendants' counsel will determine their position regarding this motion after receipt and review of the Second Amended Complaint.

63663

## BACKGROUND

Cascade filed this class action suit against defendant ACMH Limited (f/k/a Absolute Capital Management Holdings, Limited) ("ACM") in June 2008. The original Complaint challenged ACM's placement of approximately half a billion dollars of illiquid United States penny stocks in five hedge funds in the "Absolute Capital" family of hedge funds, all of which penny stocks were purchased through a U.S. penny stock brokerage firm in which ACM's majority shareholder and Chief Investment Officer (Florian Homm) owned a secret half-interest. When the funds' ownership of the U.S. penny stocks was disclosed in September 2007, the value of the funds plummeted.   (Homm went into hiding immediately after disclosure of his self-dealing penny stock investments.). Pursuant to the Private Securities Litigation Reform Act ("PSLRA"), Cascade was named Lead Plaintiff and undersigned counsel were appointed Lead Counsel in October 2008.

Cascade filed its First Amended Complaint, as a matter of right, in February 2009 to add Argo Group Limited ("Argo") as a defendant.  Argo was created in 2008, after disclosure of ACM's fraud, for the sole purpose of receiving virtually all of ACM's assets and thereby to shield those assets from investors defrauded by ACM.  Thus Cascade alleges that Argo is liable as the successor to ACM.

Cascade and Ago filed separate motions to dismiss.  The motions made essentially three arguments: (1) ACM argued that Cascade has standing to sue only as to the specific funds within the Absolute Capital family of funds in which Cascade invested, whether or not the same fraudulent activity occurred in the other funds within the family; (2) ACM (and its related defendants) and Argo argued that they are not subject to personal jurisdiction in the United

2

States; and (3) ACM and Argo argued that Cascade's First Amended Complaint did not state a claim and did not satisfy the heightened pleading standards of the PSLRA applicable to securities fraud actions.

By Order dated March 31, 2010, this Court granted ACM's motion to dismiss. Specifically, the Court held as follows: (1) Cascade has standing to sue in connection with the two funds in which it invested, but Cascade's attempt to represent investors in other affected funds within the Absolute Capital family of funds was premature because Cascade has not yet sought and obtained class certification; (2) ACM is subject to personal jurisdiction in the United States, though other related defendants are not; and (3) ACM had not adequately plead facts to create a strong inference of scienter on the part of ACM. The Court dismissed Cascade's First Amended Complaint without prejudice.

## SECOND AMENDED COMPLAINT

The proposed Second Amended Complaint is attached hereto. In Cascade's view, the issues of Cascade's standing to sue and the Court's personal jurisdiction over ACM, on which battle was previously joined at length, are now sufficiently resolved as to no longer be an issue for pleading purposes.

The Second Amended Complaint supplements, at length, the First Amended Complaint's factual allegations regarding, *inter alia*, ACM's fraudulent misrepresentations and omissions and ACM's scienter. Cascade now possesses substantially greater information about ACM's dealings with Homm's U.S. penny stock brokerage firm, about ACM's knowledge of the illiquid and undisclosed investments that decimated the Absolute Capital funds, about the timing and

63663

enormous magnitude of ACM's investments with Homm's secretly-owned brokerage firm, and other matters alleged in the proposed Second Amended Complaint.

In addition, well after Cascade initiated this action and long after the parties had fully briefed the motions to dismiss filed by the ACM Defendants, the Absolute Capital Funds that are controlled and managed by Defendant ACM filed suit in the United States District Court for the Southern District of New York *against the same officers and executives of ACM that Plaintiff has sued here (and others) for federal securities fraud in connection with the same fraudulent U.S. penny stock transactions that were first described by Cascade in its original Complaint in June 2008.* The Amended Complaint in that action is attached as Exhibit A to the Second Amended Complaint filed herewith. The judicial admissions by the Funds that are controlled and managed by Defendant ACM dramatically expand the factual basis for Cascade's allegations in the Second Amended Complaint.

**ARGUMENT**

Under the well-known standard of Fed.R.Civ.P. 15(a)(2), leave to amend "shall be freely given when justice so requires." "The Supreme Court has emphasized that 'this mandate is to be heeded.'" *Childers v. Indep. Sch. Dist. No. 1 of Bryan County, State of Okla.*, 676 F.2d 1338, 1343 (10th Cir. 1982), quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Refusing leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment, *etc*. *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993).

Plaintiff respectfully submits there is no basis to overcome the strong presumption in favor of granting leave to file this Second Amended Complaint. Plaintiff has not unduly delayed in seeking leave to amend. This Court issued its order regarding the motion to dismiss on March 31, 2010. About three weeks later, undersigned counsel informed the defendants and Magistrate Judge Shaffer that Cascade would seek leave to amend. Barely three weeks after that, Cascade is filing this motion for leave to amend with substantial additional allegations. Plaintiff acted diligently in preparing its Second Amended Complaint.

In contrast, refusing leave to amend would cause great prejudice to the U.S.-based investors of more than $70 million in the named Absolute Capital funds. In light of what the Absolute Capital funds have now admitted was the "brazen criminal fraud" of ACM's Chairman, Chief Executive Officer, Chief Investment Officer and other employees (see Exhibit A to the attached Second Amended Complaint at 1) - and in light of the fact that Cascade has fought and survived ACM's lengthy challenge to personal jurisdiction in this Court – justice will be served by giving Cascade an opportunity to amend to satisfy Rule 12(b)(6) both for its own sake and for the sake of all injured U.S.-based investors in the Absolute Capital Funds on whose behalf Cascade will later seek class certification.

Finally, the complaint filed by the Absolute Capital Funds themselves against some of the same defendants here (Exhibit A to the attached Second Amended Complaint) virtually confesses that ACM – which is responsible for the fraud committed by its executives and officers in its name – committed securities fraud in the exact scheme at the heart of Cascade's Complaint. In light of this significant development post-dating Cascade's First Amended Complaint (and about which ACM neglected to inform this Court during the last six months), Plaintiffs submit it

5

**63663**

is even more clear that justice requires that leave to amend be granted so that the U.S.-based victims of the fraud that is now conceded by the Absolute Capital Funds and its controlling owner may pursue relief.[1]

WHEREFORE, Cascade respectfully requests that this motion for leave to amend be granted and that the attached Second Amended Complaint be deemed filed.

Dated: May 17, 2010.

Respectfully submitted,

**SANDER INGEBRETSEN & WAKE, P.C.**

By: s/Daniel F. Wake
1660 17th Street, Suite 450
Denver, CO  80202
Telephone:  303-285-5544
Facsimile:  303-285-5301
dwake@siwlegal.com

George W. Croner
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Telephone:  215-238-1700
Facsimile:  215-238-1968
gcroner@kohnswift.com

---

[1] Notably, in the Complaint filed in the Southern District of New York, the Absolute Capital Funds take positions almost exactly contrary to the positions taken by ACM in *this* case.  For example*,* they allege that ACM's executives *are* subject to personal jurisdiction in the United States, even though ACM argued here it was not subject to personal jurisdiction.  Similarly, they allege that ACM's executives and officers *did* commit securities fraud and *did* act with scienter in doing so, even though ACM argued here that those elements have not been adequately pled.

**63663**

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of May, 2010, I electronically filed the foregoing **PLAINTIFF'S MOTION FOR LEAVE TO AMEND** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Amy L. Benson** abenson@bhfs.com
**John V. McDermott** jmcdermott@bhfs.com
**Meghan Frei Berglind** mberglind@bhfs.com
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, #2200
Denver, CO 80202-4437

**Matthew J. Smith** Matt.Smith@huschblackwell.com
Husch Blackwell Sanders LLP
1700 Lincoln, Suite 4700
Denver, CO  80203

s/ Paula S. Heeren

7

**63663**